# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD TIMMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 24-3100 (UNA) |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on initial review of Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, his *pro se* complaint, ECF No. 1, and motion for appointment of counsel, ECF No. 4. The court will **GRANT** leave to proceed *in forma pauperis*, **DISMISS** the complaint, and **DENY** the request for counsel as moot.

### I.   Factual Background

After having been convicted of a federal child pornography offense, Plaintiff served a term of incarceration in the custody of the Federal Bureau of Prisons ("BOP"). ECF No. 1, at 3. A court thereafter deemed him "sexually dangerous" and ordered that he be civilly committed under 18 U.S.C. § 4248. ECF No. 1, at 3. At some point, BOP transferred Plaintiff to FCI Butner I, which houses individuals who are civilly committed. *Id.* at 4.

On two occasions while civilly committed, Plaintiff was convicted of having contraband in violation of 18 U.S.C. § 1791(a). ECF No. 1, at 4-5. BOP transferred him to FCI Butner II to serve his first criminal sentence and to FCI Butler II and USP Marion to serve his second sentence. *Id.* At the completion of each sentence, BOP returned Plaintiff to FCI Butner I to continue his civil commitment. *Id.*

Plaintiff alleges that during his first criminal sentence at FCI Butner II, he sought clarification regarding whether his civil commitment ran simultaneously with his criminal sentence. *Id.* at 4. The commitment court denied the motion and Plaintiff did not receive the clarification he had requested. *Id.* Plaintiff further alleges that after he served his sentences for the contraband offenses, the Attorney General should have, but did not, recertify him as sexually dangerous under 18 U.S.C. § 4248(a) before transferring him back to FCI Butner I, thereby depriving him of "any judicial process outlined in § 4248(a)." *Id.* Plaintiff additionally claims that neither of the facilities he was housed in during his criminal sentences were "suitable facilities" for civilly committed persons under 18 U.S.C. § 4248(d). *Id.* at 5.

In 2021, Plaintiff petitioned for a writ of habeas corpus on the basis of the above allegations. *See Timms v. U.S. Attorney General*, 21-HC-2145, 2022 WL 22377184 (E.D.N.C. Mar. 11, 2022), *aff'd* 93 F.4th 187, 191 (4th Cir. 2024), *cert. denied sub nom. Timms v. Garland*, No. 24-5090, 2024 WL 4427565 (U.S. Oct. 7, 2024). The district court denied the petition and dismissed the case, and the U.S. Court of Appeals for the Fourth Circuit affirmed. In its opinion, the Fourth Circuit explained that Plaintiff "properly remains in civil commitment . . . [because] that status was not severed by his criminal convictions or sentences nor was the Attorney General required to seek recommitment following those sentences." *Timms*, 93 F.4th at 191. The court additionally held that Plaintiff had been housed in a "suitable facility" during his criminal sentences. *Id.*

In 2024, Plaintiff filed this suit against the Attorney General under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), raising the same allegations that formed the basis of his habeas petition. *Compare* ECF No. 1, *with Timms*, 93 F.4th at 187-92. He now argues that the Attorney General's procedural failures violated his due process and equal

protection rights and "essentially" amounted to false imprisonment. ECF No. 1, at 5. He claims that he has suffered duress, emotional distress, irreparable injury, and various other harms, and he demands compensatory, punitive and continuing damages totaling $70 million. *Id.* at 6-7.

## II. Discussion

The court will *sua sponte* dismiss Plaintiff's complaint because Plaintiff is attempting to relitigate issues from his habeas proceeding and his claims are thus barred under the doctrine of collateral estoppel. *Dosso v. United States*, No. 22-CV-3640, 2023 WL 130739, at *1 (D.D.C. Jan. 5, 2023) (explaining that "a court may dismiss a claim or issue *sua sponte* when it is on notice that that the claim or issue has been previously decided, in an effort to prevent 'unnecessary judicial waste.'" (quoting *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007)).

Collateral estoppel "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate," which "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Collateral estoppel has three elements: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case"; (2) the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case"; and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *McCain v. Bank of America*, 13 F. Supp. 3d 45, 52 (D.D.C. 2014) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).

Each of the allegations Plaintiff raises here were raised in his habeas proceeding, *compare* ECF No. 1, *with Timms*, 93 F.4th at 187-92; a court of competent jurisdiction decided the issues in the Attorney General's favor, *Timms*, 93 F.4th at 187-92, and there is nothing to suggest any

3

unfairness, *see Yamaha Corp. of Am.*, 961 F.2d at 254 (explaining situations in which unfairness concerns might arise). While Plaintiff is now seeking damages instead of habeas relief, that is of no moment because "[p]reclusive effect may be triggered and applied from claims litigated in a habeas matter to those styled as a § 1983 or *Bivens* case." *Barroca v. Hurwitz*, 342 F. Supp. 3d 178, 196 (D.D.C. 2018).

A separate Order will issue.

DATE: December 31, 2024

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge